## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **OLD MISSOURI BANK,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **vs.** | § | |
| | § | |
| **ALEXANDRIA VINYARD,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## <u>COMPLAINT FOR DAMAGES AND RELIEF</u>

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Old Missouri Bank ("OMB" or "Plaintiff"), by and through

its undersigned counsel, hereby brings this action against Defendant

Alexandria Vinyard ("Defendant"), and, in support thereof, alleges and

states as set forth herein.

### NATURE AND BASIS OF ACTION

1.      Defendant is a former OMB client who refuses to return more

than $100,000.00 of OMB's monies that Defendant has come to possess by

virtue of an inadvertent transfer.

2.      Due to a good faith keystroke error, OMB mistakenly transferred such funds to Defendant on February 18, 2021.  At all times, Defendant knew or had reason to know that the funds were not hers.

3.      Immediately after learning of the transfer, OMB repeatedly contacted Defendant to request return of the funds.

4.      Defendant, nevertheless, has refused to return the funds to OMB.

5.      Plaintiff brings this action against Defendant for breach of contract, unjust enrichment, monies had and received, fraudulent transfer, conversion, and other misconduct and deceit.  To redress the harm that Defendant has caused to Plaintiff, Plaintiff seeks compensatory damages, punitive damages, costs, reasonable attorney's fees and any and all appropriate additional relief.

## THE PARTIES AND JURISDICTION

6.      Plaintiff OMB is, and was at all times relevant to the facts and averments alleged in this Complaint, a Missouri Banking Corporation in good standing, incorporated and authorized to do business and loan money in the State of Missouri, with its principal place of business in Springfield, Greene County, Missouri.

7.      Defendant Alexandria Vinyard is natural person and a resident of Atlanta, DeKalb County, State of Georgia.  Defendant may be served with process at 2430 Dunwoody Xing, Apt. E, Atlanta, Georgia 30338.

8.      Plaintiff is not a citizen of the State of Georgia.

9.      Defendant is a citizen of the State of Georgia.

10.     This Court has personal jurisdiction over Defendant. Defendant is located and resides in this State and County, and/or engage in and conducted financial transactions and other conduct that purposefully avails her of the privilege of this State and County, and has engaged in the wrongful acts complained of herein in this State and County.

11.     Jurisdiction over this action is conferred on this Court based on 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

12.     Venus is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is a resident of the State of Georgia and this judicial district.

## FACTS COMMON TO ALL COUNTS

13.     In February 2021, Defendant obtained a loan from OMB (hereinafter the "PPP Loan") through the Small Business Administration for $20,800.00.  To memorialize the parties' agreement, OMB and Defendant entered into a Paycheck Protection Program Loan agreement (hereinafter the "Agreement").  A true and correct copy of the Agreement (redacted) is attached hereto as Exhibit A and incorporated herein by reference.

14.     Pursuant to the Agreement, Defendant agreed to pay OMB back the $20,800.00 and interest at 1.00% fixed for five years.

15.     On or about February 18, 2021 (hereinafter the "Disbursement Date"), OMB wired Two Hundred Eight Thousand and 00/100 ($208,000.00) to a bank account owned and controlled by Defendant (hereinafter "Defendant's Bank Account").

16.     The amount wired to Defendant was One Hundred Eighty-Seven Thousand Two Hundred and 00/100 ($187,200.00) (hereinafter "Unauthorized Funds") more than the Agreement allotted for Defendant.

17.     The $208,000.00 OMB wired to Defendant was the result of a good faith, single-key keystroke error by the Plaintiff.

- 4 -

18.     At no point relevant to this Complaint did Plaintiff promise or agree to pay the Unauthorized Funds to Defendant.

19.     Defendant knew or should have known that the Unauthorized Funds were inadvertently transferred to her account, and that she was not in lawful possession of the Unauthorized Funds.

20.     Defendant did not report its receipt of the Unauthorized Funds to OMB or, upon information and belief, take any measures to return the Unauthorized Funds to OMB.

21.     On or about April 28, 2021, OMB made written demand to Defendant via first class U.S. mail and electronic mail demanding repayment of the Unauthorized Funds.

22.     Despite demand from OMB, Defendant has failed and refused to return the Unauthorized Funds.

23.     Upon information and belief, Defendant has spent a substantial amount and/or all the Unauthorized Funds on items not related to the purpose of the PPP Loan, including items not covered by the PPP Loan and personal bills and expenses, and/or otherwise transferred the Unauthorized Funds from Defendant's Account.  Upon information and belief, Defendant spent and transferred the Unauthorized Funds from Defendant's Account to prevent OMB from recovering the Unauthorized

Funds.  Upon information and belief, Defendant knew it did not have lawful possession or ownership of the Unauthorized Funds at the time that she spent and transferred the Unauthorized Funds because, as one exemplary reason, OMB had advised Defendant of the same and had advised Defendant that it was working with Defendant's bank to recover the Unauthorized Funds.  OMB states its belief in this paragraph based, in part, on representations made to OMB by Defendant.

24.     Under the terms of the Agreement, Defendant had a defined period by which to apply for forgiveness of the PPP Loan (the "Forgiveness Period").  If the Defendant did not apply for forgiveness of the PPP Loan within the Forgiveness Period, the Defendant was required to begin paying monthly principal and interest payments to OMB thereafter.

25.     The Forgiveness Period has closed and Defendant has not submitted an application for forgiveness of the PPP Loan during the Forgiveness Period.  As of the date of this Complaint, Defendant has not made any repayment on the PPP Loan.

## COUNT I - BREACH OF CONTRACT

26.     Plaintiff incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

27.     Under the terms of the PPP Loan, Plaintiff agreed to loan Defendant $20,800.00.

28.     Pursuant to the terms of the Agreement, and in consideration for the $20,800.00 loaned from OMB to Defendant, Defendant agreed to repay Plaintiff the $20,800.00 with interest.

29.     Alternatively, Defendant could have applied for forgiveness of the PPP Loan during the Forgiveness Period.

30.     Defendant failed to apply for forgiveness of the PPP Loan during the Forgiveness period and has not made payments to OMB for the PPP Loan.

31.     Additionally, Defendant has taken unlawful possession of the Unauthorized Funds and has refused to return them to OMB.

32.     Pursuant to the terms of the Agreement, Defendant is in default of the Agreement if it "[f]ails to do anything required by [the Agreement] . . . " or, separately, if Defendant "[b]ecomes the subject of a civil or criminal action that [OMB] believes may affect [Defendant]'s ability to pay [the PPP Loan]."

33.     By virtue of the acts, criminal behavior, and misconduct of Defendant set forth herein, Defendant has breached the Agreement.

34.     Pursuant to the terms of the Agreement, OMB is authorized to "file suit and obtain judgment" against Defendant in the event of Defendant's default, "[w]ithout notice or demand and without giving up any of [OMB's] rights."

35.     Defendant's breach of the Agreement has caused injury and damage to OMB.

36.     Plaintiff has met all conditions precedent to bringing this action.

37.     WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of its Complaint in the amount to be proven at trial, but in no amount less than the amounts set forth herein, prejudgment interest, post-judgment interest, reasonable attorneys' fees and for such other and further relief as the Court deems just and proper in the premises.

## COUNT II - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

38.     Plaintiff incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

39.     By failing to report or return the Unauthorized Funds to OMB, by spending and wholly depleting the Unauthorized Funds, and by spending and wholly depleting the Unauthorized Funds on items not related to the purpose of the PPP Loan, Defendant breached the duty of

good faith and fair dealing imposed by Georgia law on every party to a contract.

40.     Defendant's breaches of its duty of good faith and fair dealing have damaged OMB in an amount to be proven at trial.

41.     WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of its Complaint in the amount to be proven at trial, but in no amount less than the amounts set forth herein, prejudgment interest, post-judgment interest, reasonable attorneys' fees and for such other and further relief as the Court deems just and proper in the premises.

## COUNT III - UNJUST ENRICHMENT

42.     Plaintiff incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

43.     Pursuant to the PPP Loan, Plaintiff agreed to loan Defendant $20,800.00 in exchange for Defendant paying back the loan.

44.     Plaintiff as the result of a good faith error, unintentionally and inadvertently wired Defendant $208,000.00, resulting in an overpayment of $187,200.00.

45.     Defendant accepted, and has retained, the $208,000.00 wired by Plaintiff, and the benefits thereof.

46.    Defendant has failed to return the unintentional and inadvertent overpayment of $187,200.00.

47.    As set forth herein, Defendant's enrichment was obtained at OMB's expense.

48.    Under the facts and circumstances set forth herein, equity and good conscience require that Defendant make restitution to OMB.

49.    By reason of the foregoing, Defendant has been unjustly enriched by unintentional and inadvertent overpayment by Plaintiff paid to her in the amount of $187,200.00.

50.    WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of its Complaint in the amount to be proven at trial, but in no amount less than the amounts set forth herein, prejudgment interest, post-judgment interest, reasonable attorneys' fees, punitive damages, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT IV – MONIES HAD AND RECEIVED

51.    Plaintiff incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

52.     As set forth herein, Defendant has received monies that rightfully belong to OMB.  In equity and good conscience, Defendant should not be permitted to keep any monies that rightfully belong to OMB.

53.     OMB has made one or more demands for Defendant to repay such monies to OMB and Defendant has refused to do so.  Defendant's refusal has caused and continues to cause unfair injury, harm and damage to OMB and therefore Defendant is liable to OMB for monies had and received in an amount to be proven at trial, but no less than $187,200.00.

54.     WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of its Complaint in the amount to be proven at trial, but in no amount less than the amounts set forth herein, prejudgment interest, post-judgment interest, reasonable attorneys' fees, punitive damages, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT V – VIOLATION OF GEORGIA'S UNIFORM FRAUDULENT TRANSFERS ACT (O.C.G.A. § 18-2-70, et seq.)

55.     Plaintiff incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

56.     Defendant is liable for fraudulent transfer pursuant to O.C.G.A. § 18-2-74 because Defendant received assets, namely funds, in

bad faith that rightfully belonged to OMB and then made a transfer of those assets/funds with actual intent to hinder, delay, or defraud OMB.

57.     In receiving OMB's funds and then transferring them out of her account, Defendant acted in bad faith and did not give a reasonably equivalent value to OMB, all to OMB's injury and damage.

58.     WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of its Complaint in the amount to be proven at trial, but in no amount less than the amounts set forth herein, prejudgment interest, post-judgment interest, reasonable attorneys' fees, punitive damages, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT VI – CONVERSION

59.     Plaintiff incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

60.     OMB owns and at all times relevant to this action owned title and the lawful right of possession of the Unauthorized Funds.

61.     Defendant received possession and control of the Unauthorized Funds belonging to OMB.

62.     OMB has demanded that Defendant relinquish and return to OMB possession and control of the Unauthorized Funds, and by virtue of this Complaint hereby renews such demand.

63.     Defendant has refused to surrender the Unauthorized Funds to OMB, causing OMB damages in an amount to be proven at trial.

64.     OMB is entitled to punitive damages for Defendant's wrongful conversion of its assets.

65.     WHEREFORE, Plaintiff prays for judgment against Defendant on Count VI of its Complaint in the amount to be proven at trial, but in no amount less than the amounts set forth herein, prejudgment interest, post-judgment interest, reasonable attorneys' fees, punitive damages, and for such other and further relief as the Court deems just and proper in the premises.


**PRAYER FOR RELIEF**

WHEREFORE, by virtue of the unlawful conduct of Defendant as alleged herein, and in addition to the prayers recited above, Plaintiff respectfully prays that:

A.    Summons and process issue forth from the Court and that the Defendant be served therewith and directed to answer this Complaint within the time provided by law;

B.    The Plaintiff has judgment against the Defendant as set forth herein;

C.    Defendant be required to pay Plaintiff actual damages, any amount by which Defendant has been unjustly enriched, compensatory damages, statutory damages, and any other damages recited, required or permitted by any applicable provision of the Georgia Code, the United States Code, or the law;

D.    Prejudgment and post-judgment interest as provided for by law;

E.    Defendant be required to pay Plaintiff's the costs of this action and the reasonable attorneys' fees Plaintiff has incurred in connection with this action;

F.    Defendant be required to pay Plaintiff enhanced damages and punitive damages in light of the willful, malicious, and intentional nature of Defendant's actions; and

G.      Plaintiff be granted such other, different and additional relief

as the Court deems just and proper.

PLAINTIFF RESERVES THE RIGHT TO AMEND THIS COMPLAINT AS
ADDITIONAL RELEVANT FACTS ARE DISCOVERED.

Respectfully submitted this 7th day of July, 2022.

s/ T. Lockett
D. TENNELL LOCKETT
Georgia Bar No. 455547
RESHAUN M. FINKLEY
Georgia Bar No. 896776
DIRIKI T. GEUKA
Georgia Bar No. 366826

TOWNSEND & LOCKETT, LLC
1100 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone:(404) 870-8506
Fax: (404) 870-8502
tennell.lockett@townsendlockett.com
reshaun.finkley@townsendlockett.com
diriki.geuka@townsendlockett.com

*Attorneys for Plaintiff Old Missouri Bank*