IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OLD MISSOURI BANK,

    Plaintiff,

      v.

ALEXANDRIA VINYARD,

    Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-2685-TWT

## OPINION AND ORDER

This is a breach of contract action. It is before the Court on the Plaintiff Old Missouri Bank's Motion for Judgment on the Pleadings [Doc. 13]. For the reasons set forth below, the Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] is DENIED.

### I.    Background

In ruling on a motion for judgment on the pleadings, the Court must accept the facts of the nonmoving party's pleading as true and construe them in the light most favorable to the nonmoving party. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). In its Complaint, the Plaintiff alleged that in February 2021, the Defendant applied for a loan through the Paycheck Protection Program ("PPP") in the amount of $20,800.00. (Compl. ¶ 13). The parties signed a Loan Agreement in which Defendant agreed to repay the Plaintiff the total amount of $20,800.00 over a period of five years at an interest

rate of 1 percent. (*Id.* ¶¶ 13-14). On February 18, 2021, due to a keystroke error, the Plaintiff actually wired $208,000.00 to the Defendant's bank account. (*Id.* ¶¶ 15-17).

The Defendant did not report receipt of the excess funds to the Plaintiff. (*Id.* ¶¶ 19-20). On April 28, 2021, the Plaintiff made a written demand to the Defendant for repayment of the excess funds. (*Id.* ¶¶ 21). Additionally, the Loan Agreement afforded the Defendant a window of time to apply for forgiveness of the loan, and if she did not, she was required to begin paying monthly principal and interest payments to the Plaintiff. (*Id.* ¶ 24; Complaint, Ex. 1 at 2 ("Loan Agreement")). The Defendant did not apply for forgiveness within the window of opportunity to do so. (*Id.* ¶ 25). The Plaintiff alleges that the Defendant has not made any payments towards the loan balance and has not returned the excess funds. (*Id.* ¶¶ 22, 25).

The Plaintiff filed suit against the Defendant on July 7, 2022, asserting the following claims: breach of contract (Count I); breach of the implied covenant of good faith and fair dealing (Count II); unjust enrichment (Count III); monies had and received (Count IV); violation of the Georgia Uniform Fraudulent Transfers Act, O.C.G.A. § 18-2-74 (Count V); and conversion (Count VI). (Compl. ¶¶ 26-65). The Defendant's Answer asserted several defenses and the Defendant admits that she applied for a PPP loan in the amount of $20,800.00, agreed to repay the loan, and subsequently received $208,000.00 instead. (Ans. ¶¶ 13-15, 27-28, 45). She also admits that she

received the Plaintiff's demand for repayment. (*Id.* ¶ 21). Further, the Defendant admits that she did not apply for loan forgiveness. (*Id.* ¶ 30). As to whether she has repaid any funds received, the Defendant asserts that she is "without knowledge to admit or deny" that assertion. (*Id.* ¶¶ 25, 46). The Defendant does state, however, that she "does not have any funds." (*Id.* ¶ 63).[1]

## II.    Legal Standards

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." A court should grant a motion for judgment on the pleadings where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott*, 405 F.3d at 1253. "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim even if it is "improbable" that a plaintiff would be able to prove those

---

[1] The Defendant thereafter filed an amendment to her answer, without any authorization to do so, given that an answer is not a pleading "to which a responsive pleading is required" and the Defendant's amended answer was filed more than 21 days after service of her initial answer. *See* Fed. R. Civ. P. 15(a)(1)(A), (2). In any event, the purported the amendments do not impact the Court's analysis. [*See* Doc. 14].

facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

### III.   Discussion

In its Motion for Judgment on the Pleadings, the Plaintiff argues that Defendant has admitted that she was contractually obligated to either repay her PPP loan or to apply for loan forgiveness, that she received excess funds, and that she neither repaid the funds nor applied for loan forgiveness. (Mot. for J., at 4-5). The Plaintiff argues that these facts entitle it to judgment on the pleadings as to its claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and conversion (Counts I, II, III, and VI). (*Id.* at 12-13). The Defendant responds that "[t]here was nothing fraudulent or erroneous in the Defendant's application for the PPP loan," admitting again that she actually received $208,000.00 in funds and that the Plaintiff sought reimbursement for the funds in April of 2021. (Def.'s Resp. in Opp. to Mot. for J., at 1-3). The Defendant also argues that her answer raises factual disputes, and that the Plaintiff is attempting to have this matter decided prematurely. (*Id.* at 2). Additionally, the Defendant asserts that the Plaintiff acted negligently in disbursing the excess funds. (*Id.* at 3). The Court will address each Count in turn.

### A.  Count I – Breach of Contract

In Georgia, the elements of breach of contract are "the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about

the contract being broken." *McAlister v. Clifton*, 313 Ga. 737, 742 (2002) (citation omitted). "Proof of damages is an essential element to a claim for breach of contract, and a failure to prove damages is fatal to a plaintiff's claim." *Id.* "A breach occurs if a contracting party repudiates or renounces liability under the contract; fails to perform the engagement as specified in the contract; or does some act that renders performance impossible." *Moore v. Lovein Funeral Home, Inc.*, 358 Ga. App. 10, 12 (2020) (quotation marks and citation omitted).

The Loan Agreement here provided that the loan amount was to be $20,800.00 with a five-year maturity date. (Loan Agreement at 1-2). The Loan Agreement also noted the potential availability of loan forgiveness and outlined the deadlines for applying for it. (*Id.* at 2). In a provision titled "Default," the Loan Agreement defined default as occurring if the Defendant, as relevant: (1) did not make a payment when due under the terms of the Loan Agreement; (2) failed to do anything required by the Loan Agreement; (3) did not disclose "any material fact to [the Plaintiff] or to [the Small Business Administration]"; or (4) made a "materially false or misleading representation to [the Plaintiff] or [the Small Business Administration]." (*Id.* at 3). If a default occurred, the Loan Agreement gave the Plaintiff the right to, without notice or demand: (1) "[r]equire immediate payment of all amounts owing under [the Loan Agreement]"; (2) "[c]ollect all amounts owing from [the Defendant]"; and (3) "[f]ile suit and obtain judgment." (*Id.*). Finally, in the general provisions,

5

the Loan Agreement states that the Plaintiff "may delay or forgo enforcing any of its rights without giving up on any of them." (*Id.* at 4).

After reviewing the pleadings, the Court finds that there remains a material dispute as to whether the Defendant breached the Loan Agreement. Therefore, judgment on the pleadings is not warranted as to the portion of the Plaintiff's breach of contract claim asserting that the Defendant breached the contract by failing to repay the $20,800.00 loan amount outlined in the Loan Agreement. However, the Plaintiff appears to also assert its breach of contract claim as to the excess funds that the Defendant received. The Court finds that the Loan Agreement does not expressly contemplate those funds and, therefore, there could be no breach as to the failure to repay the excess funds under the provisions identified by the Plaintiff in the Complaint. (*See* Compl. ¶¶ 31-34).

The Loan Agreement clearly states that the Defendant was responsible for repayment of the $20,800.00 loan amount that the Plaintiff actually contemplated making, and the Defendant has stated only that she is without knowledge as to whether she made any such payments. With regard to that statement, the Court considers this an opportunity to remind the parties of the duty of candor to the Court. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1546 (11th Cir. 1993). The Defendant did admit that she applied for the loan and agreed to repay it. However, as the Defendant has not admitted that she did not make payments or repay the loan, neither a breach nor damages to

6

the Plaintiff have been established on the pleadings. *See McAlister*, 313 Ga. at

742. Although the Defendant has further stated that she "has no funds," and

it seems unlikely that she will be able to show at a later stage that she did in

fact make payments towards her loan, the Court cannot definitively determine

from the pleadings alone whether the Defendant has breached the Loan

Agreement in this manner. *See Bell Atl. Corp.*, 550 U.S. at 556 (holding that

courts cannot find in the movant's favor on grounds that it is "improbable" that

the non-movant will be able to prove the necessary facts). And the Court is

obliged to construe the facts in favor of the Defendant as the non-moving party

at this stage. Accordingly, the Plaintiff's Motion is denied as to the breach of

contract claim.

## B. Count II – Breach of the Implied Covenant of Good Faith and Fair Dealing

Under Georgia law, "every contract imposes upon each party a duty of

good faith and fair dealing in its performance and enforcement." *Brazeal v.*

*NewPoint Media Grp., LLC*, 340 Ga. App. 689, 691 (2017) (citation omitted).

"'Good faith' is a compact reference to an implied undertaking not to take

opportunistic advantage in a way that could not have been contemplated at the

time of drafting, and which therefore was not resolved explicitly by the

parties." *Id.* (citation omitted). "When the contract is silent, principles of good

faith fill the gap." *Id.* (citation omitted). However, "a claim for breach of the

implied covenant of good faith and fair dealing can stand as long as it is tied to

a breach of any actual term of the contract." *Blacklick Hotspot Corp. v. Mansfield Oil Co. of Gainesville, Inc.*, 2021 WL 8267934 at *4 (N.D.Ga. Dec. 28, 2021) (citation and quotation marks omitted); *see also Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir 1990).

The Plaintiff asserted this claim with regard to the Defendant's alleged failure to report or return the excess funds received. As explained in the previous section, the Loan Agreement does not expressly contemplate the excess funds at issue in this case. For that reason, in her breach of contract claim, the Plaintiff relied on the default provision of the Loan Agreement stating that the Defendant will be considered to have defaulted if she "fails to do anything required by the Agreement" or if she "becomes the subject of a civil or criminal action . . . ." (Compl. ¶¶ 32 (citing Loan Agreement at 3)). But again, because the Loan Agreement does not require the Defendant to "do anything" with regard to the excess funds, these provisions also do not provide a basis for a breach based on the Defendant's alleged failure to report or to return the excess funds. Therefore, because a breach of the implied covenant of good faith and fair dealing must be "tied" to the "breach of an actual term of the contract," the Plaintiff's Complaint as written does not state a claim for breach of the implied covenant as to the excess funds. *Alan's of Atlanta, Inc.*, 903 F.2d at 1429 (noting that the covenant "is a doctrine that modifies the meaning of all explicit terms in a contract, . . . [and] is not an undertaking that can be breached apart from those terms." (citations omitted)). Accordingly, construing

the pleadings in favor of the Defendant, the Plaintiff is not entitled to a judgment on the pleadings as to this claim. *Scott*, 405 F.3d at 1253.

## C. Count III – Unjust Enrichment

Unjust enrichment is a claim in equity that applies "when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." *Tuvim v. United Jewish Communities, Inc.*, 285 Ga. 632, 635 (2009). But "[e]quity will grant relief only where there is no available adequate and complete remedy at law," and "the availability of money damages affords an adequate and complete remedy." *McGlashan v. Snowden*, 292 Ga. 450, 451 (2013) (quotation marks, alterations, and citations omitted). To establish a claim for unjust enrichment, the Plaintiff must show that "(1) a benefit was provided, (2) compensation for that benefit was not received, and (3) the failure to compensate renders the transaction unjust." *Ridgeline Cap. Partners, LLC v. MidCap Fin. Servs., LLC*, 340 F. Supp. 3d 1364, 1372 (N.D. Ga. Sept. 24, 2018).

The Plaintiff's unjust enrichment claim is likewise premised on the excess funds the Defendant received, which totaled $187,200.00. An unjust enrichment claim is proper here because the Loan Agreement did not contemplate the exchange of the excess funds and the Defendant has admitted to receiving those funds. Additionally, the Plaintiff cannot pursue a breach of contract claim to recover these funds for the reasons already explained and has

9

no other remedy at law. *See McGlashan*, 292 Ga. at 451. The pleadings thus clearly establish the first element of unjust enrichment–that the Defendant received a benefit to the tune of $187,200.00. But the pleadings do not establish the second or third elements since the Defendant did not admit in her Answer that she has not returned the excess funds. Certainly, were that fact established, the Court would not hesitate to find that the Defendant's failure to return the excess funds was unjust. Nonetheless, at the judgment on the pleadings stage, the Court is obliged to construe the facts in favor of the non-movant, and the Plaintiff's Motion is therefore denied as to this claim.

### D. Count IV – Conversion

"Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion." *Bearoff v. Craton,* 350 Ga. App. 826, 839-40 (2019) (citation omitted). The elements of conversion that a plaintiff must show are: (1) title to the property or a right of possession; (2) actual possession by the other party; (3) a demand for return of the property; and (4) refusal by the other party to return the property. *Id.* at 840. However, under Georgia law, "money is not subject to a civil action for conversion." *Taylor v. Powertel, Inc.,* 250 Ga. App. 356, 359 (2001). Although there is an exception to this rule where the allegedly converted money is "specific and identifiable," in all other cases, money had and received is the proper claim. *Id.*

Here too, the Plaintiff is not entitled to judgment on the pleadings. As an initial matter, the Plaintiff has not alleged that the excess funds that the Defendant received were specific and identifiable such that a conversion action for their return is proper. *See id.* Based on the facts presently before the Court, it seems unlikely. But even assuming the conversion claim is properly asserted, the material dispute as to whether the Defendant actually repaid any of the excess funds prevents the Court from finding that the final element of conversion is satisfied. Without a refusal to return the misappropriated property, there is no conversion. *Id.* For that reason, the Plaintiff's Motion for Judgment on the Pleadings is denied as to this claim as well.

## IV.   Conclusion

For the reasons set forth above, the Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] is DENIED.

SO ORDERED, this ___10th___ day of July, 2023.

_____
THOMAS W. THRASH, JR.
United States District Judge